UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

OLUWAFEMI IJOGUN,

*Petitioner,*

v.

JOHN ASHCROFT,

*Respondent.*

No. 03-1233

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A22-202-239)

Submitted: September 29, 2003

Decided: October 28, 2003

Before NIEMEYER, MOTZ, and SHEDD, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

### COUNSEL

Richard W. Moore, Sr., Towson, Maryland, for Petitioner. Peter D. Keisler, Assistant Attorney General, David V. Bernal, Assistant Director, Barry J. Pettinato, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Oluwafemi Ijogun, a native and citizen of Nigeria, petitions this court for review of the Board of Immigration Appeals ("BIA") order affirming the immigration judge's decision that Ijogun had abandoned his permanent resident alien status prior to reentering the United States and thus was subject to removal. Ijogun argues the immigration judge misapplied the relevant burden of proof in reaching this conclusion and that the evidence did not support this finding. For the following reasons, we deny Ijogun's petition for review.

First, we are unpersuaded that Ijogun preserved his objection to the immigration judge's characterization of the relevant burden of proof. Although the immigration judge indicated during Ijogun's hearing that the burden was on Ijogun to contest removability once the United States had made a "prima facie case" of abandonment, the record does not reflect an objection to this formulation either before the immigration judge or the BIA. Hence, review of this alleged error is waived. *See* 8 U.S.C. § 1252(d)(1) (2000).

Second, even if review of Ijogun's objection is appropriate, the materials in the joint appendix provide clear, unequivocal, and convincing evidence that Ijogun abandoned his permanent resident status, such that he did not qualify as a returning resident alien. *See Woodby v. INS*, 385 U.S. 276, 286 (1966) (providing standard); *Khodagholian v. Ashcroft*, 335 F.3d 1003, 1006 (9th Cir. 2003). The immigration judge's findings, which Ijogun has failed to contradict with compelling evidence, *see* 8 U.S.C. § 1252(b)(4)(B) (2000), demonstrate Ijogun's substantial ties to Nigeria and a dearth of ties to the United States, despite the fact that Ijogun received permanent resident status in 1984. Hence, Ijogun fails to demonstrate that the immigration judge's abandonment determination is "manifestly contrary to law." 8 U.S.C. § 1252(b)(4)(C) (2000).

Accordingly, Ijogun's petition for review is denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*PETITION DENIED*